Judge Metcalfe of Seventh Circuit Sitting in Place of Judge Winch.

THOMAS G. CHAPMAN AND LORAIN (CITY) v. STEVE LEPOTSKY.

1. **Liability for Negligence of Employes of Independent Contractor of Which Resulting Injuries might be Anticipated.**

   One who causes work to be done is liable for injuries that result from negligence and carelessness in its performance by the employes of an independent contractor to whom he has let the work, when the resulting injury, instead of being collateral and flowing from the negligence of the act of the employe alone, is one that might have been anticipated as a direct and probable consequence of the performance of the work contracted for if reasonable care is omitted in the course of its performance.

Chapman v. Lepotsky.

**2. Municipality and Improvement Contractor Liable for Injuries Resulting from Blast Explosion near Gas Main.**

When a city has given to a contractor the privilege of using high explosives in excavating for a sewer, it is the duty of the contractor to use reasonable care to know the conditions in the locality where he uses explosives, and if through failure to exercise such care, he explodes a blast in such proximity to a gas main as to break it and destroy adjoining property, both he and the city are liable for the resulting damage.

**3. Contributory Negligence as Defense in Cases of Gross or Willful Negligence.**

It is not error to refuse to instruct a jury that if plaintiff's negligence contributed in any degree to his own injury he can not recover even though the defendant be guilty of gross negligence.

ERROR.

## MARVIN, J.

Lepotsky brought suit against the two plaintiffs in error to recover damages growing out of an explosion of dynalite and the igniting of gas and a gas explosion, whereby said Lepotsky's building was substantially destroyed and causing, also, great personal injury to him.

The facts are substantially these:

For the purpose of constructing a sewer along Pearl avenue in said city of Lorain, the city entered into a contract with said Thomas G. Chapman, whereby Chapman was to construct said sewer for the city, and in the contract entered into between the city and Chapman it was provided that:

"When rock is encountered in excavating the sewer trench and it becomes necessary to use explosives to remove it, the following precautions must be taken by the contractor: First, the sewer trench where the blast is to be made, and for fifteen feet on either side of it, must be covered with a suitable covering of timber and plank. Second, barricades must be maintained across the street at least 200 feet in either direction from the place where the blast is to be made. There shall be at least two men employed by the contractor to patrol the street and warn all persons in the vicinity immediately previous to the firing of the blast."

The plaintiff's building fronted on said Pearl avenue. Crossing said Pearl avenue, and not far from the building of said Lepotsky, was a main gas pipe through which gas was conveyed under high pressure by the gas company acting under franchises granted by said city. This gas pipe was about two

and one-half feet below the surface of the ground. The bottom of the excavation for the sewer was much deeper.

In the prosecution of his work Chapman caused to be exploded immediately under or near to this gas main a charge of dynalite, which is very explosive: It is shown by the evidence that it is certainly not less explosive than dynamite, and it is claimed to be much more explosive.

This explosion of the dynalite caused a rupture of the gas main from which large quantities of gas escaped and was ignited, causing a fire and explosion of gas which partly destroyed the building, and the explosion itself, together with such fire, resulted in the injuries already mentioned.

On the part of Chapman it was claimed in his answer that Lepotsky was negligent in allowing gas to escape from pipes in and about his premises, and that the gas explosion and fire was the result of such negligence on his part, but the jury found otherwise, and we are content with the finding of the jury in that regard, and indeed it is not claimed that that defense was proven, so that the facts, briefly stated, are substantially as hereinbefore set out.

Under these facts the jury found a verdict for Lepotsky against both Chapman and the city. It can hardly be doubted that Lepotsky was entitled to recover from somebody on account of the injury both to his person and to his property. It is urged, however, on the part of the city, that as the work was being done by an independent contractor, it was not responsible, and it is said that this is especially true because the provision in the contract is that the explosives were to be used only "when rock is encountered in excavating the sewer trench," and it is urged that this explosive was used where rock was not encountered, but that only shale and earth, packed solidly, had to be removed at the place where this explosive was used.

The word "rock" is somewhat indefinite. The noun is defined by Webster as "A large mass of stony matter; the stony matter of the earth's crust; in geology, any natural deposit or portion of the earth's crust, whatever be its hardness or softness."

We are not prepared to say that the material in which this

### Chapman v. Lepotsky.

explosive was placed did not come within the permission granted to Chapman, but whether it did or not, the city by its contract, gave to him the right to use this dangerous explosive in his work. Of course that did not relieve him from liability in case he so used it as to injure others than the city, nor would it relieve the city, in the case of an independent contractor, from liability where it permitted such independent contractor, in the execution of his contract, to make use of those things which are inherently dangerous. This is settled by numerous cases in Ohio and elsewhere. Counsel are familiar with the cases; they are cited and quoted from in the briefs and seem to us to fully justify the proposition just made.

The facts claimed by the several parties are so admirably stated in the charge given at the trial that it is thought profitless to state them more fully in this opinion than has already been done, and the law as stated by the court meets our full approval, where this language is used:

"It is the law that one who causes work to be done is liable for injuries that result from negligence and carelessness in its performance by the employes of an independent contractor to whom he has let the work when the resulting injury, instead of being collateral and flowing from the negligence of the act of the employe alone, is one that might have been anticipated as a direct and probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance. In such case the person causing the work to be done will be liable for the negligence, even though of an employe of an independent contractor.

"In this case I say to you, that the city of Lorain would be liable for the negligence of the defendant, Chapman, or his employees, if from such negligence damages proximately resulted to the plaintiff. If you find under the instructions I gave you, that damage might have been anticipated as a direct and probable consequence of the performance of the work contracted for, if reasonable care was omitted in the course of its performance, owing to the character of the work to be done, or instrumentalities to be used and the location where the work was to be done, I say to you as a matter of law, that a common duty rested upon both defendants in this case to use ordinary care, as above defined, during the progress of such sewer work in the use of explosives.

"If the defendant, Chapman, through his servants, was neg-

ligent as charged by the plaintiff in this case, then both the defendant Chapman and the city of Lorain, under the law applicable to this case, would be liable, if by reason of such negligence damage proximately resulted to the plaintiff. But if Chapman, through his servants, was not negligent under the instructions I have given you, then neither of the defendants would be liable in this action.''

We think this admirably stated the law and was wholly applicable to the case and we find no error in the charge of the court as given.

Certain requests made by Chapman were given to the jury before argument; others which were properly requested before argument, were refused. One refused, which is marked Request ''No. 2,'' reads:

''The lack of knowledge on the part of the defendant, Thomas G. Chapman, of the location of the high pressure main, is a defense to said action even though the city had actual or constructive notice of the location of said main.''

This request was properly refused for at least two reasons. If it had been given exactly as written, it would have been, in effect, saying to the jury that there could be no recovery on the part of the plaintiff against either defendant. Of course what was meant by the request was that it was a defense to the action as against Chapman. The language, however, is that it is a defense to said action, and if it was a defense to the action, a complete defense, then no recovery could have been had. This by itself would have justified the refusal to give the request without modification, but there is another reason, and that is, that a part of the duty of the defendant Chapman was to exercise at least reasonable care to know what the surroundings of the place were where the explosive was to be used. If this request had been given, then Chapman would have been relieved even though he failed to exercise ordinary care to know whether there was a gas main near to the place where the explosive was used.

Another request made by Chapman reads:

''If the jury find that the negligence of the plaintiff in any degree proximately contributed to the injuries complained of to his person and property, as set out in his amended petition, then

Chapman v. Lepotsky.

your verdict must be for the defendants, even though you should as a matter of fact find the defendants had been guilty of gross negligence.''

This request was properly refused. To have given this might have relieved the defendants of the result of the grossest negligence, even of willful negligence, where the negligence of Lepotsky was barely appreciable. On this proposition see Cooley, Torts, 810, where he says:

''Where the conduct of the defendant is wanton and willful, or where it indicates that degree of indifference to the rights of others which may be justly criticized as recklessness, the doctrine of contributory negligence has no place whatever, and the defendant is responsible for the injury he inflicts, irrespective of the fault which placed the plaintiff in the way of such injury.''

Also Beach, Contributory Negligence, Sec. 64, quoted with approval in the case of *Krause* v. *Morgan*, 53 Ohio St. 26, 37 [40 N. E. 886]. The quotation is in these words:

''In order to constitute contributory negligence on the part of the plaintiff, there must be negligence on the part of the defendant. It is accordingly the well settled rule, that when the defendant's conduct amounts to willfulness, and when the mischief is occasioned by his intention and wanton wrongdoing, the plaintiff's negligence is no defense.''

The term ''gross negligence'' is scarcely susceptible of legal definition, say our Supreme Court in the case of *Griffith* v. *Zipperwick*, 28 Ohio St. 388.

In the case of *Pittsburgh, C. C. & St. L. Ry.* v. *Kelly*, 5 Circ. Dec. 662 (12 R. 341), affirmed no opinion, *Pittsburgh, C. C. & St. L. Ry.* v. *Kelly* 53 Ohio St. 667, it is said:

''Where the crew of a railroad train receive notice of an impending danger and have the ability to stop the train and avoid the danger, they must do so, and failing to do this, they are guilty of gross negligence amounting to willfulness.''

Attention is called to this case upon the proposition that ''gross negligence,'' though it may exist without willful negligence, still includes willful negligence. So that to say that the defendants would not be liable even though their negligence was

gross, would relieve the defendants from responsibility if that gross negligence were willful. This was sufficient reason for refusing to give the charge as requested.

In the case of *Schweinfurth* v. *Cleveland, C. C. & St. L. Ry.*, 60 Ohio St. 215, [54 N. E. 89], it is said in the syllabus:

"In an action for negligence, it is not error to refuse an instruction that the defendant can not be held liable, though guilty of the negligence charged, if the negligence of the person injured contributed in any degree, or in any way, to the injury of which he complains. Unless the negligence of the person injured contributed directly to, or was a proximate cause of the injury, it does not preclude a recovery."

The charge requested in this case, it is true, used the word "proximately" as qualifying the word "contributed," but we think that the reasoning of the case last mentioned would justify a refusal on the part of the court to give the charge requested.

Another request of Chapman which was refused, is number 11.

Without stopping to quote this, we justify the refusal to give it. If this had been given it would have relieved Chapman of any obligation to use ordinary care to ascertain what the surroundings were at the place where he was to explode dynalite, unless he had direct instructions from the city of Lorain as to the location of the gas main in Pearl avenue. Clearly this takes from him an obligation which he owed to every one liable to be injured by the explosion, which could have been avoided by the use of ordinary care on his part in ascertaining the surroundings.

The city also made a request for propositions to be given before argument, some of which were refused. The first was refused, it being a charge that the city was not liable and could not be held in the action. This was properly refused.

The second is practically the same.

The third was properly refused, because it undertook to limit the meaning, of the word "rock" as used in the contract, and because it relieved the city from all liability in a case where, by its contract, with Chapman, it had permitted him to make use of this highly explosive material.

For like reason the fourth was properly refused.

The court refused to give request No. 6, which reads:

### Chapman v. Lepotsky.

"The jury can, if the evidence warrants it, find a verdict against the defendant, Chapman, and not against the defendant, the city of Lorain."

We think this was properly refused; in any event, that under the facts in the case it worked no prejudice to the city, but we think it was properly refused, because no verdict could have been returned against Chapman unless there was negligence on his part in the use of this explosive, and since he was, by his contract with the city, permitted to use the explosive, we think, if injury resulted to the plaintiff from the negligent use of it in the prosecution of the work of the contractor, the city as well as the contractor would be liable.

The court was asked by Chapman to submit to the jury certain interrogatories. These were not submitted, and the failure to submit them is complained of and assigned as error. The first reads:

"Do you find, as a matter of fact, that the defendant, the city of Lorain, knew of the existence of the high-pressure gas main at the point in Pearl avenue, Lorain, Ohio, where said explosion occurred previous to said explosion?"

Whatever answer had been given to this question would not have determined what verdict should be rendered on the issues between the plaintiff and either of the defendants. If it had been answered in the affirmative, it would have tended to show that the city was liable, but it would not have tended to show that Chapman was not liable. If it had been answered in the negative, it would not necessarily result in relieving either of the defendants, because if, in the exercise of ordinary care, either the city or Chapman would have known of the location of this main, their liability would be the same as though the city actually knew.

The next two interrogatories are based upon whatever answer should be given to the first, and since nobody would be prejudiced by the refusal to submit the first, it follows that neither of the others should have been, or indeed could have been, submitted.

As to the fourth, the same reason which justified the court

Lorain County Circuit.

in refusing to submit the first justified it in refusing to submit the last.

The result is that we find no error in the record, and the judgment is affirmed.

NIMAN and METCALFE, JJ., concur.

---

## OFFICE AND OFFICERS

[Cuyahoga (8th) Circuit Court, July 2, 1912.]

Marvin, Niman and Metcalfe, JJ.

Judge Metcalfe of Seventh Circuit Sitting in Place of Judge Winch.

*STATE EX REL CHARLES ORR, v. CLEVELAND SCHOOL (BD. OF ED.) DIST. ET AL.

**1. Resignation from Office Need not be in Any Particular Form.**
It is not necessary that a resignation from a public office be couched in any particular words; it is only necessary that the incumbent evince a purpose to relinquish the office; that this purpose be communicated to the proper authority; and that this resignation be accepted, either in terms, or something tanamount thereto.

**2. Accepted Resignation can not be Withdrawn.**
A resignation from office, to become effective at some future time, can not be withdrawn without the consent of the accepting party.

**NIMAN, J.**

On December 10, 1910, the relator was elected director of schools by the board of education of the city of Cleveland for a term of two years, beginning January 11, 1911. He duly qualified and entered upon the discharge of his duties.

On January 16, 1912, he wrote and delivered to Dr. G. C. Ashmun a communication which reads as follows:

JANUARY 16, 1912.

"DR. G. C. ASHMUN, Pres.,
        "Board of Education.
    "Referring to the present contention as to the office of director, it is my intention to retire from the work at an early date after confidence and quiet are restored. The limit of my services will be June 15, 1912.

                    "Very truly yours,
                            "CHAS. ORR."

---

*Affirmed no opinion, *State v. Cleveland School Dist. (Bd. of Ed.),* 87 Ohio St. 529.